TREVOR J. HATFIELD, ESQ.
Nevada Bar No. 7373
**HATFIELD & ASSOCIATES, LTD.**
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
(702) 386-9825 Fax
thatfield@hatfieldlawassociates.com

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARYLOU QUIACUSEN, an individual, | CASE NO: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| SILVER STATE HEALTH SERVICES, a Domestic Nonprofit Corporation; | **(Jury Trial Demanded)** |
| Defendant. | |

COMES NOW, Plaintiff MARYLOU QUIACUSEN (hereinafter, "Plaintiff"), by and through her counsel, of the law firm of Hatfield & Associates, Ltd., and alleges upon information and belief against the above-captioned Defendant as follows:

**PARTIES**

1. At all times relevant hereto, Plaintiff, resided in Las Vegas, Clark County, Nevada.

2. Plaintiff was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e, et seq., and applicable case law.

1. Defendant is a Nevada not-for-profit corporation that provides public health service and qualifies as a "Federally Qualified Health Center" (FQHC). FQHCs are community-based health care providers that receive federal funds from the Health Resources and Services Administration (HRSA). These health care providers, including Defendant, provide primary care

1

services in underserved areas and must meet a stringent set of requirements, including providing care on a sliding fee scale based on ability to pay and operating under a governing board that includes clients/patients of Defendant. e.

3. Defendant regularly employs fifteen or more persons.

## JURISDICTION AND VENUE

4. The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. The Court also has jurisdiction pursuant to 28 U.S.C. Sections 2201 and 2202 relating to declaratory judgments. This Court may also exercise pendant jurisdiction over Plaintiff's state law claims arising under the common law and statutes of the State of Nevada, and which arise from a common nucleus of operative fact pursuant to 28 U.S.C. Section 1367.

5. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. Section 1391(b), wherein Plaintiff resides, or resided, and Defendant resides or resided, and/or regularly conducts business.

## ADMINISTRATIVE PREREQUISITES

6. Plaintiff has complied with all the administrative prerequisites to action under Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5, as follows:

7. Plaintiff was terminated from her job with Defendant. Plaintiff timely filed an inquiry intake form with the intent to file a charge of discrimination with the Nevada Equal Rights Commission (hereinafter "NERC"). She thereafter timely received a perfected Charge of Discrimination with NERC. Plaintiff has since received her Dismissal And Notice of Rights from NERC.

///

8. Plaintiff promptly and diligently accommodated all NERC requests for information and fully cooperated in the agency's investigation of this matter.

9. Plaintiff has exhausted all available administrative remedies in accord with the aforementioned statutes prior to instituting this civil action, and Plaintiff has timely filed this action.

10. Plaintiff demands a jury trial of this case pursuant to Local Rule 38-1 and 28 U.S.C. Section 1411.

## FACTUAL ALLEGATIONS

11. Plaintiff is a Filipino female. Plaintiff was hired by Defendant on or about July 19, 2021 as a Medical Biller. She performed her duties satisfactorily.

12. During Plaintiff's employment she was harassed by her manager Tonya Kelley, an African American female. Plaintiff was disciplined publicly in front of other African American employees. Plaintiff was disciplined for actions that were not in violation of company policy and the discipline was undeserved and pretextual.

13. In April 2022 Plaintiff contacted Defendant's Human Resources Department regarding her treatment and did not receive any resolution.

14. On September 13, 2022, Plaintiff was terminated from her position with Defendant.

15. From on or around October 2021 to January 2022 Plaintiff received pretextual write ups, warnings, or disciplinary actions. Other similarly situated co-workers, not of her protected class, were not disciplined for the same or similar reasons.

16. Plaintiff filed a Charge of Discrimination with NERC.

17. On September 15, 2022, Plaintiff received Determination of Charge and Notice of Right to Sue from NERC. Plaintiff has timely filed this lawsuit.

///

///

3

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION AGAINST DEFENDANT

**(Discrimination Under State and Federal Anti-Discrimination Statutes in Violation of Title VII of the Civil Rights Act of 1964, As Amended: Race, Color and National Origin)**

18. Plaintiff incorporates by reference the allegations set forth in the proceeding paragraphs of the Complaint as set forth at length herein.

19. Defendant's conduct as detailed herein was in fact illegal. Plaintiff, a member of protected classes, was subjected to race, color and national origin discrimination, disparate treatment and retaliation.

20. As a result of Defendant's above-stated actions, Plaintiff has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to her as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity and other intangible injuries in an amount to be proven at trial.

22. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct and intentional retaliation.

23. As a further result of Defendant's above-stated actions, it has been necessary for Plaintiff to obtain services of the law offices of Hatfield & Associates, Ltd. to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney fees and costs which have been reasonably incurred.

///

///

///

///

## SECOND CAUSE OF ACTION

### (Violation of Nevada Statutory Protections)

24. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

25. NRS § 613.330 makes it unlawful for an employer to discriminate against any employee because of their race, color and national origin. Plaintiff was discriminated against due to his race, color and national origin. Defendant's conduct as detailed herein, was in fact illegal. Plaintiff was subjected to race, color and national origin oriented, related and motivated discriminatory practices, and actions all of which are illegal activities as directed, ratified tolerated by his employer.

26. As a direct and proximate result of Defendant's violation of N.R.S. § 613.330, Plaintiff has suffered lost wages, lost benefits, lost seniority, lost future earnings, lost employment opportunities, humiliation, embarrassment, and loss of self-esteem in an amount to be determined at trial. Therefore, Plaintiff seeks all legal and equitable remedies available at law.

27. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

28. As a further result of Defendant's above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

### **REQUEST AND PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and damages against Defendant as follows:

1. An award to Plaintiff for back pay and front pay economic damages in amount to be shown according to proof;

2. An award to Plaintiff for liquidated damages under the ADEA;

3. An award to Plaintiff for reasonable attorney's fees and costs;

4. An award to Plaintiff for interest on any awards at the highest rate allowed by law; and

5. Such other and further relief as this Court deems just and appropriate.

Dated this 14th day of December 2022.            **HATFIELD & ASSOCIATES, LTD.**

By: /s/ *Trevor J. Hatfield*
Trevor J. Hatfield, Esq. (SBN 7373)
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
*Attorney for Plaintiff*